UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE RIVERKEEPER, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. |
| CITY OF LEBANON, TENNESSEE, | ) ) |
| Defendant. | ) JURY TRIAL DEMANDED |

## COMPLAINT

The Plaintiff, Tennessee Riverkeeper, files this Complaint as follows:

## NATURE OF THE CASE

1. This is a citizen's suit, brought pursuant to the provisions of Section 505(a)(1) of the Federal Water Pollution Control Act, also known as the Clean Water Act (hereinafter "CWA"), as amended, 33 U.S.C. § 1365(a)(1), to address violations of the CWA by Defendant, City of Lebanon, Tennessee ("Lebanon" or "the City") arising out of illegal discharges of pollutants from the Lebanon Landfill at Lebanon, Wilson County, Tennessee.

2. Defendant Lebanon is in violation of sections 301 and 402 of the CWA (33 U.S.C. §§1311 and 1342) and sections 122.1 *et sec* of Title 40 of the Code of Federal Regulations. These laws require that no facility shall discharge pollutants to waters of the United States or waters of the state except as authorized by a permit issued pursuant to the National Pollutant Discharge Elimination System ("NPDES").

3. Lebanon is violating provisions of its NPDES permit by allowing its landfill to discharge pollutants to the waters of the United States and waters of the state while failing to abide by the

1

discharge limitations mandated by its permit and by discharging at an unauthorized discharge point. Riverkeeper seeks a declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of litigation costs, including attorney and expert witness fees, for Defendant Lebanon's repeated and ongoing violations of the CWA.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the CWA claims set forth in this Complaint by virtue of Section 505(a)(1) of the Federal Water Pollution Control Act, 33 U.S.C. § 1365(a)(1). Subject matter jurisdiction is also proper pursuant to 28 U.S.C. § 1331 (Federal question).

5. Venue is appropriate in the Middle District of Tennessee pursuant to 33 U.S.C. § 1365(c)(1) and because the acts, omissions, and/or violations complained of herein occurred, and continue to occur, at Wilson County, Tennessee, within the Middle District of Tennessee.

## NOTICE

6. Tennessee Riverkeeper ("Riverkeeper") has complied with the pre-suit notice provisions of the CWA. Pursuant to 33 U.S.C. § 1365(b)(1)(A), 40 C.F.R. Part 135, Riverkeeper, on October 3, 2023, gave the City of Lebanon notice of the violations alleged herein and its intent to sue after the expiration of sixty (60) days ("October Notice")(Exhibit A). At the same time, Riverkeeper mailed a copy of the October Notice to the Administrator of the Environmental Protection Agency ("EPA"), the Regional Administrator of Region IV of the EPA, and the Commissioner of the Tennessee Department of Environment and Conservation ("TDEC"). Service of notice on Defendant was by certified mail. More than 60 days have passed since the October Notice was served on Defendant and these agencies.

7. Since Riverkeeper gave notice, the violations complained of have not ceased, and are ongoing. Neither the EPA nor the State of Tennessee has commenced and diligently prosecuted a civil or criminal enforcement action in a court of the United States or a state for the violations. Furthermore, prior to the October Notice, neither the EPA nor the State of Tennessee commenced and diligently prosecuted an administrative action under 33 U.S.C. §1319(g), or under a comparable Tennessee law, for the violations and Riverkeeper is filing this action within 120 days of the October Notice.

8. Neither the EPA nor the state has issued a final order not subject to further judicial review and the Defendant has not paid a penalty assessed under 33 U.S.C. §1319(g), or under a comparable Tennessee law, for the violations.

9. Riverkeeper will, immediately upon receipt of a file stamped copy of this Complaint, mail a copy of this Complaint to the Administrator of the EPA, the Regional Administrator of the EPA Region in which the violations are alleged to have occurred, and the Attorney General of the United States.

**PARTIES**

10. Riverkeeper is a non-profit corporation formed in the State of Alabama and granted authority to operate in Tennessee by the Division of Business Services, State of Tennessee, as a nonprofit foreign corporation. Riverkeeper has approximately 1,500 members, and is dedicated to the preservation, protection, and defense of the Tennessee and Cumberland Rivers and their tributaries. Riverkeeper actively supports effective enforcement and implementation of environmental laws, including the CWA, on behalf of and for the benefit of its members.

11. Members of Tennessee Riverkeeper have recreated in, on or near, or otherwise used and enjoyed, or attempted to use and enjoy, the Cumberland River and Spring Creek in the past, and they intend to do so in the future. They have a direct and beneficial interest in the continued protection, preservation, and enhancement of the environmental, aesthetic, and recreational values in the Cumberland River and its tributaries. The quality of these waters directly affects the recreational, aesthetic, and environmental interests of certain members of Tennessee Riverkeeper. The recreational, aesthetic, and environmental interests of certain of Tennessee Riverkeeper's members have been, are being, and will be adversely affected by the Defendant's continued violation of the NPDES permit requirements, Tennessee NPDES rules, and the CWA as alleged in this complaint.

12. Members of Tennessee Riverkeeper now recreate less on the Cumberland River because of the Defendant's illegal discharges. The violations alleged herein have had a detrimental impact on those members' interests because the violations have adversely affected and/or diminished aquatic life and water quality in the Cumberland River and have made the Cumberland River less suitable for fishing, boating, wading, walking, observing nature, or relaxing. Said members would recreate more in and around Cumberland River but for Defendant's illegal discharges of pollution. Riverkeeper's members will recreate more often in or near Cumberland River once the Defendant's illegal discharges cease.

13. Laura Sprague is a member of Tennessee Riverkeeper whose job is centered on outdoor recreation and who recreates outdoors whenever possible. She likes to hike and mountain bike along Cumberland River in the vicinity of Lock 4. She previously liked to take her dogs with her and let them play in the water. Because of the pollution, she is concerned about her use of the

River. Her enjoyment of the River is diminished by her concern about pollution in the river. Her Declaration is attached hereto as Exhibit B.

14. Petrus (Rus) Snijders is a member of Tennessee Riverkeeper. He is a professional kayak tournament fisherman and fishing guide. He likes to fish in Spring Creek. He is concerned about pollution in Spring Creek. When he kayak fishes in the summer, he likes to take a swim to cool off and he does not want to swim in polluted water. He is concerned about the effects of pollution on the environment and aquatic wildlife. He is also concerned about the effects of polluted water on his guide service. His Declaration is attached hereto as Exhibit C.

15. Riverkeeper is a "citizen" within the meaning of 33 U.S.C. §§ 1365(g) and 1365(a).

16. Defendant, Lebanon, is a Tennessee municipality within the Middle District of Tennessee, with principal offices at Lebanon, Tennessee. Lebanon is the owner and operator of the Lebanon Landfill and is in control of the facility.

17. Lebanon is a "person" within the meaning of 33 U.S.C. §§1362(5) and 1365(a)(1).

18. Lebanon is declared a "body politic and corporate" with the power to sue and be sued, and to "plead and be impleaded in all the courts of law and equity and in all actions whatsoever," by Act of the General Assembly of the State of Tennessee, on or about June 28, 1911. Priv. Acts 1911, ch. 644 §1.

## STATUTORY BACKGROUND

19. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants from a point source into waters of the United States unless the discharge is in compliance with various enumerated sections of the CWA. Among other things, Section 301(a) prohibits such discharges

not authorized by, or in violation of the terms of, a NPDES permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

20. The State of Tennessee has been delegated the authority to implement the permitting programs of the Act by the EPA, including the NPDES permit program, pursuant to 33 U.S.C. § 1342(b). TDEC is the water pollution control agency for purposes of the Act and has drafted regulations pursuant to that authority implementing the Act's permitting programs within the State of Tennessee.

21. A citizen suit, pursuant to 33 U.S.C. § 1365(a)(1), may be brought for violations of the terms and conditions of NPDES permits. 33 U.S.C. § 1365(f).

## GENERAL ALLEGATIONS

22. This is an action for declaratory judgment, injunctive relief, civil penalties, and litigation costs, including reasonable attorney's and expert witness fees, to enforce provisions of the CWA, and regulations adopted pursuant to said act.

23. Lebanon is in violation of sections 301 and 402 of the CWA (33 U.S.C. §§1311 and 1342) and sections 122.1 *et sec.* of Title 40 of the Code of Federal Regulations. These laws require that no facility shall discharge pollutants to waters of the United States or waters of the state except as authorized by a permit issued pursuant to the National Pollutant Discharge Elimination System.

24. Lebanon was issued NPDES permit number TN0078417 ("NPDES Permit") which authorizes the permit holder to discharge treated leachate from an inactive municipal landfill from Outfall 001 into an unnamed tributary of Spring Creek, subject to specific stated discharge limitations and monitoring requirements. All discharges must be in accordance with effluent limitations, monitoring requirements, and other conditions set forth in the NPDES Permit. Any

6

Case 3:23-cv-01369    Document 1    Filed 12/26/23    Page 6 of 12 PageID #: 6

permit noncompliance constitutes a violation of applicable state and federal laws and is grounds for enforcement action. *See,* Permit Pt. II, §C.1. Lebanon is subject to strict liability for any violations of its NPDES Permit.

25. As set forth in the October Notice, attached hereto as Exhibit "A" and incorporated by reference herein, and in Counts One through Three, below, Lebanon has violated the CWA by operating its inactive landfill in a manner which discharges pollutants to the waters of the United States and waters of the state in violation of its NPDES Permit and/or outside the coverage of its permit.

26. The violations set forth herein and in the October Notice are continuing and ongoing, or are likely to recur, as of the date of this Complaint.

## COUNT ONE
## DISCHARGES OF POLLUTANTS TO SURFACE WATERS IN VIOLATION OF AN NPDES PERMIT AND THE CLEAN WATER ACT

27. The Plaintiff hereby repeats, re-alleges, adopts, and incorporates by reference paragraphs 1 through 26 herein as if fully set out in this count.

28. Lebanon is in violation of section 301(a) of the CWA, 33 U.S.C. §§ 1311, and 40 C.F.R § 122.1, *et seq.*, as well as similar provisions of Tennessee law. *See* T.C.A. § 69-3-108 and § 69-3-115. These laws require that no person shall discharge pollutants to waters of the United States or waters of the state except as authorized by a permit issued pursuant to the National Pollutant Discharge Elimination System.

29. Lebanon is in violation of provisions of the stated permit by operating the inactive landfill in a manner which discharges pollutants to the waters of the United States and waters of the state in excess of the permit limitations, as demonstrated by Discharge Monitoring Reports submitted

to the TDEC. These activities include, but are not limited to, the specific dates and exceedances set forth in Appendix A.

30. Defendant Lebanon should be subject to an enforcement order or injunction ordering it to fully comply with all requirements of its NPDES permit, the TWQCA, and the CWA.

31. Defendant Lebanon should be subject to the assessment of civil penalties for these violations of the CWA pursuant to Section 309(d) and 505 of the CWA, 33 U.S.C. §§ 1319(d) and 1365. For the purpose of assessing the maximum penalty which the Defendant is liable, each day that Lebanon has discharged pollutants without a permit authorizing such discharges constitutes a separate violation of Section 301(a) of the CWA, pursuant to Section 309(d), 33 U.S.C. § 1319(d), for each day is has occurred and will occur after the filing of this Complaint.

32. The violations set out in this count are continuing and ongoing and there is a reasonable likelihood that Defendant will continue to commit these or similar violations in the future.

33. These violations have an adverse impact on waters of the United States and waters of the state, specifically the Cumberland River, and on the recreational, aesthetic, and environmental interests of the Riverkeeper's members in those waterways as set out in paragraphs 11 thru 14 herein above.

## COUNT TWO
## DISCHARGE OF POLLUTANT NOT AUTHORIZED BY A PERMIT IN VIOLATION OF THE CLEAN WATER ACT

34. Riverkeeper hereby repeats, re-alleges, adopts, and incorporates by reference paragraphs 1 through 33 herein above as if fully set out in this count.

35. The City is discharging pollutants through an unpermitted discharge point, or multiple points, upstream of the permitted discharge point, into an unnamed tributary of Spring Creek.

8

Case 3:23-cv-01369    Document 1    Filed 12/26/23    Page 8 of 12 PageID #: 8

36. On June 22, 2023, Tennessee Riverkeeper's Environmental Consultant, Barry Sulkin, conducted water sampling at the City's permitted discharge point (Outfall 0001) and at a point on the tributary of Spring Creek ten feet upstream of Outfall 0001.

37. Laboratory analysis of the water samples detected the same toxic chemicals in both samples, indicating that toxic discharge from Lebanon Landfill enters the tributary of Spring Creek from Outfall 0001 as well as from a point or multiple points upstream from Outfall 0001. These pollutants include toxic chemicals such as Nitrogen, Ammonia total (as N), Zinc, and Per and Polyfluoroalkyl Substances (PFAS), including Perfluorooctanoic acid (PFOA), Perfluorooctanesulfonic acid (PFOS), Perfluorohexanic acid (PFHxA), Perfluoroheptanoic acid (PFHpA), Perfluorononanoic acid (PFNA), Perfluorobutanesulfonic acid (PFBS), and Perfluorohexanesulfonic acid (PFHxS), as more fully set out in Appendix B. The discharge of PFAS, a toxic pollutant, whether through Outfall 0001 or through other discharge points, is not authorized by the City's NPDES permit and is in violation of the above cited provisions.

38. The violations set out in this count are continuing and ongoing and there is a reasonable likelihood that Defendant will continue these or similar violations in the future.

39. These violations have an adverse impact on waters of the United States and waters of the state, specifically Cumberland River, and on the recreational, aesthetic, and environmental interests of Riverkeeper's members in those waterways as set out in paragraphs 11 and 14 herein above.

40. Lebanon should be subject to an enforcement order or injunction ordering it to fully comply with all requirements of its NPDES Permit and the CWA.

41. Lebanon should be subject to the assessment of civil penalties for these violations of the CWA pursuant to Section 309(d) and 505 of the CWA, 33 U.S.C. §§ 1319(d) and 1365. For the purpose of assessing the maximum penalty which Defendant Lebanon is liable, each day that the Lebanon Landfill has discharged pollutants in violation of its NPDES Permit and/or without a permit authorizing such discharges constitutes a separate violation of Section 301(a) of the CWA, pursuant to Section 309(d), 33 U.S.C. § 1319(d).

42. Lebanon should be subject to an enforcement order or injunction ordering it to cease its discharges of pollutants without an NPDES permit authorizing such discharges.

43. The violations set out in this count are continuing and ongoing and there is a reasonable likelihood that Defendant will continue these or similar violations in the future.

44. These violations have an adverse impact on waters of the United States and waters of the state, specifically the Cumberland River, and on the recreational, aesthetic, and environmental interests of the Plaintiff's members in those waterways as set out in paragraphs 11 and 14 herein above.

## COUNT THREE
## INJUNCTIVE RELIEF

45. Riverkeeper hereby repeats, re-alleges, adopts, and incorporates by reference paragraphs 1 through 44 above as if fully set out in this count.

46. The violations set out herein will continue unless this Court enjoins Defendant from continuing to violate its permit.

47. These violations have caused irreparable injury to some of Riverkeeper's members. Riverkeeper has no adequate remedy at law for the injuries caused to its members by Defendant's

ongoing violations in that Riverkeeper would be forced to bring repeated and burdensome actions for each new injury to its interests if Defendant's ongoing violations are not enjoined.

48. An injunction will be in the public's interest in this case. Because Defendant is in continuing violation of the law, the equities for an injunction weigh in Riverkeeper's favor.

49. Therefore, Riverkeeper brings this cause of action to enjoin Defendant from engaging in any other affirmative act or conduct which would contribute to further permit violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Riverkeeper respectfully requests that the Court grant the following relief:

a. Plaintiff Riverkeeper requests the Court render a judgment finding and declaring that Defendant Lebanon has violated and is in violation the CWA, 33 U.S.C. § 1311(a), and Tennessee NPDES rules;

b. Plaintiff Riverkeeper requests and petitions this Court to enjoin the violations and any and all illegal conduct by Defendant set out and alleged in Counts One and Two above and issue an injunction compelling Defendant to remedy the illegal discharges of pollutants into waters of the United States;

c. Plaintiff Riverkeeper requests and petitions this Court to assess a $74,958.04 civil penalty (*see* 40 CFR § 19) against Defendant Lebanon for each violation and each day of continuing violation of the CWA for which Defendant is found liable pursuant to Sections 309(d) and 505(a) of the CWA, 33 U.S.C. §§ 1319(d) and 1365(a);

d. Plaintiff Riverkeeper requests and petitions this Court for an award of litigation

costs, including reasonable attorney's fees and expert fees, as authorized by 33 U.S.C. § 1365(d); and

e. For such other, further or more general relief as this Court may deem appropriate.

Respectfully submitted this the 26th day of December, 2023.

  s/ Mark E. Martin_____
Mark E. Martin
Alabama Bar No: ASB-9361-A41M
P.O. Box 1486
Oneonta, AL 35121
Telephone: (205) 516-9350
mmartin@markemartin.com

  s/ Elizabeth A. Alexander_____
Elizabeth A. Alexander, BPR No. 19273
Alexander Law
4235 Hillsboro Pike, Suite 300
Nashville, TN 37215
Telephone: 415-860-4020
alexanderlawnashville@gmail.com

*Attorneys for Plaintiff Tennessee Riverkeeper, Inc.*

**Plaintiff demands trial by struck jury.**

12

Case 3:23-cv-01369   Document 1   Filed 12/26/23   Page 12 of 12 PageID #: 12