UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **TENNESSEE RIVERKEEPER, INC.,** <br><br> PLAINTIFF, <br><br> vs. <br><br> **CITY OF LEBANON, TENNESSEE,** <br><br> DEFENDANT, | Case No. 3:23-CV-01369 |

**AGREED MODIFIED CASE MANAGEMENT ORDER**

Pursuant to the Parties' Motion for Amendment of the Case Management Order, the Court hereby GRANTS the requested extensions contained in the Motion and hereby enters this Modified Case Management Order. All provisions and deadlines contained in the Order setting this case for trial (D.E. 020) remain in full force and effect.

  A.  **JURISDICTION:** Plaintiff contends that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 33 U.S.C. § 1365(a)(1). Defendant does not dispute that these statutes give the Court jurisdiction over Plaintiff's claims, *if* Plaintiff is able to establish that it has Article III standing to bring those claims. Defendant reserves the right to challenge Plaintiff's standing to bring some or all of its claims in this matter.

  B.  **BRIEF THEORIES OF THE PARTIES:**

**PLAINTIFF:**

This is a citizen's suit, brought pursuant to the provisions of the Clean Water Act ("CWA"), to address violations of the CWA by Defendant, City of Lebanon, Tennessee ("Lebanon") arising

1

out of illegal discharges of pollutants from the Lebanon Landfill at Lebanon, Wilson County, Tennessee.

Defendant Lebanon is in violation of CWA provisions which require that no facility shall discharge pollutants to waters of the United States or waters of the state except as authorized by a permit issued pursuant to the National Pollutant Discharge Elimination System ("NPDES").

Lebanon is violating provisions of its NPDES permit by allowing its landfill to discharge pollutants to Spring Creek, which is waters of the United States and waters of the state, while failing to abide by the discharge limitations mandated by its permit and by discharging at an unauthorized discharge point. Riverkeeper seeks a declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of litigation costs, including attorney and expert witness fees, for Defendant Lebanon's repeated and ongoing violations of the CWA.

**DEFENDANT:**

Citizen suits under the Clean Water Act are intended "to supplement rather than to supplant governmental action." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 60 (1987). In this case, Plaintiff seeks to *supplant* governmental action by (1) pursuing claims for alleged NPDES permit violations that have already been addressed in a final Consent Order with TDEC,[1] and (2) pursuing claims for alleged discharges of per- and polyfuoroalkyl substances ("PFAS"), which are not yet subject to regulation by either TDEC or the EPA (though both agencies are actively working on developing PFAS regulations).

The claims for NPDES permit violations that have been addressed in the Consent Order are subject to the Clean Water Act's diligent prosecution bar. *See* 33 U.S.C. § 1319(6)(A)(ii).

---

[1] Defendant is contemporaneously filing a copy of the fully executed Consent Order.

Further, the remedial actions that Defendant has agreed to undertake in the Consent Order render Plaintiff's requested relief moot. No additional enforcement orders, injunctions, or penalties are appropriate.

As to Plaintiff's claims based on alleged PFAS discharges, Plaintiff is asking the Court to substitute its own judgment for that of the EPA and TDEC, both of which are working on—but have not yet finalized—regulations governing PFAS. Indeed, because of the current regulatory gap, Defendant's NPDES Permit does not even contain discharge limits for PFAS. Defendant should not be required to take any actions that may ultimately be inconsistent with the final regulations promulgated by the EPA and TDEC. Moreover, Plaintiff has not established that Defendant is responsible for any of the alleged PFAS discharges. The Lebanon Landfill operated by Defendant is adjacent to another landfill that is owned and operated by Wilson County (not Defendant). This adjacent landfill may be responsible for some or all of the alleged PFAS discharges. Defendant also believes that the June 22, 2023 sampling referenced in Plaintiff's Complaint may not have been conducted at or near Defendant's permitted discharge point.

For these reasons, Plaintiff's Claims should be dismissed.

**C.   ISSUES RESOLVED:**

Personal jurisdiction and venue.

**D.   ISSUES STILL IN DISPUTE:**

Subject matter jurisdiction, liability, and damages.

**E.   INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **April 9, 2024**.

F.  **CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:**

The parties shall develop a plan for resolution of the case that includes at least two independent attempts to resolve the case. The first attempt shall occur no later than 120 days from the initial case management conference, which is July 24, 2024. By no later than that date, the parties shall submit a joint report to advise the Court that the parties made a good faith effort to resolve the case. The report shall state the specific steps taken toward case resolution, including that an offer or demand has been made and responded to and that counsel have discussed the parties' positions. The parties shall have conducted enough discovery or otherwise exchanged sufficient information to evaluate and discuss settlement substantively. The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of this requirement. If the parties request referral for pro bono mediation or to a Magistrate Judge for a judicial settlement conference, they must make that request by motion. The motion shall include a statement as to why private mediation is not feasible and, if a judicial settlement conference is requested, why that is the preferable means of resolving the particular case. An updated joint report, including whether the parties have scheduled mediation or another form of ADR, shall be filed no later than 60 days before the deadline for the filing of dispositive motions.

G.  **DISCOVERY:**

The parties shall complete all written discovery and depose all fact witnesses on or before **February 14, 2025**. Written discovery shall proceed promptly (unless otherwise provided for herein) and shall be served no later than **December 16, 2024**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

If the parties are unable to resolve a discovery dispute after conferring in good faith as required by the Court's Local Rule 37.01 and Judge Crenshaw's case management preferences,

counsel shall file a motion for resolution of a discovery dispute to request a discovery dispute telephone conference. Not later than two days before the conference, the parties shall file a joint statement of the discovery dispute that states the particular requests or responses at issue, summarizes counsel's good-faith discussions, and briefly addresses the parties' positions. Each party's position statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the Magistrate Judge will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated.

All motions related to fact discovery shall be filed by no later than **March 16, 2025**.

H.   **MOTIONS TO AMEND OR TO ADD PARTIES:**

Any motions to amend or to add parties shall be filed no later than **August 31, 2024**.

Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

I.   **DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES:**

The plaintiff(s) shall identify and disclose all expert witnesses and expert reports on or before **March 31, 2025**. The defendant(s) shall identify and disclose all expert witnesses and expert reports on or before **May 16, 2025**. All expert witnesses shall be deposed on or before **June 15, 2025**.

No supplemental expert reports or rebuttal experts shall be allowed, except upon order of the Court for good cause shown.

J.     **NEXT CASE MANAGEMENT CONFERENCE:**

The parties may request a case management conference by filing a motion that identifies all issues to be discussed and the parties' positions. If the parties request extensions of case management deadlines, they shall include all proposed extended deadlines in the motion. The parties shall state whether they request an in-person or telephonic conference.

K.     **DISPOSITIVE MOTIONS:**

Dispositive motions shall be filed by no later than **August 14, 2025**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

L.     **ELECTRONIC DISCOVERY:**

The parties have conferred and anticipate that there will be minimal electronic discovery in this matter. They intend to address any e-discovery issues by agreement. Therefore, the default standard contained in Administrative Order 174-1 need not apply to this case.

**M. MODIFICATION OF THE CASE MANAGEMENT ORDER:**

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days before the earliest affected deadline. If the parties agree, the motion may be filed up to the earliest affected deadline. The motion must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the motion. The motion (even if a joint motion) must also include: (i) all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(d)(2)(f) that no dispositive motion, including response and replies, be filed later than 90 days in advance of the target trial date.

**N. REQUESTS TO SEAL DOCUMENTS:**

Any party requesting that documents or portions of documents be sealed must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Beauchamp v. Fed. Home Loan Mortg. Corp.*, No. 15-6067, 2016 WL 3671629, at *4 (6th Cir. July 11, 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016)). Protective orders should not provide that documents produced in discovery and designated as "confidential" will automatically be sealed upon filing or use at trial. Any such language in a proposed protective order will be stricken and may result in denial of the motion to enter the protective order.

O.  **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:**

The jury trial of this action is expected to last approximately four (4) days. The target trial date is **January 27, 2026**.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge