> Motion (27) is **DENIED** because the parties offer no explanation on why they need a stay for 90 days.
>
> */s/ Waverly D. Crenshaw, Jr.*
> US DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE RIVERKEEPER, INC., ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-01369 |
| ) | |
| CITY OF LEBANON, TENNESSEE, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant, ) | |
| ) | |

## JOINT MOTION TO STAY PENDING MEDIATION

Defendant, City of Lebanon, Tennessee, and Plaintiff, Tennessee Riverkeeper, Inc. (collectively, the "Parties"), jointly move this Court for an order staying this action for 90 days pending mediation of Plaintiff's claims. As grounds for this motion, the Parties state as follows:

1. The Parties are engaged in settlement discussions and have agreed to mediate the case.

2. The Parties are presently working to schedule mediation and are optimistic that they will be able to conduct a mediation within the next 90 days.

3. Federal district courts have "broad discretion to stay proceedings as an incident to [their] power to control [their] own docket[s]," *Clinton v. Jones*, 520 U.S. 681, 708 (1997), and routinely stay actions pending mediation. *See, e.g.*, *Yoe v. Crescent Sock Co.*, No. 1:15-CV-3-SKL, 2018 WL 10162238, at *14 (E.D. Tenn. Sept. 7, 2018).

4. A stay is appropriate here because it will promote judicial economy and efficiency by allowing the Parties to devote time and resources to potentially resolving this action through