# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE

| | |
|---|---|
| TENNESSEE RIVERKEEPER, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY of LEBANON, TENNESSEE, ) <br> ) <br> Defendant. ) | Case No. 3:23-cv-01369 <br> Judge Crenshaw <br> Magistrate Judge Newbern |

## JOINT MOTION FOR ENTRY OF CONSENT DECREE AND STATEMENT IN SUPPORT

On August 28, 2025, the parties, through their counsel of record, lodged with the Court a proposed Consent Decree to resolve all issues raised by the Plaintiff's Complaint of December 26, 2023. The parties submit this joint motion and statement to demonstrate that the standard for the Court's entry of a Consent Decree has been met and to request that the Court enter the Consent Decree.

In further support of their motion, the parties would show to the Court as follows:

1. In accordance with 40 C.F.R. § 135.5, a copy of the proposed Consent Decree was served on the U.S. Department of Justice, Citizen Suit Coordinator ("DOJ"), via certified mail, return receipt requested, on September 5, 2025. (*See* Attachment A).

2. On September 16, 2025, the DOJ responded with an email to the parties attaching a Notification on Receipt of a Clean Air Act or Clean Water Act Citizen Suit Settlement Agreement. (*See* Attachment B). The DOJ advised that "If the United States has no comments or objections, you will NOT receive additional contact regarding this matter." (*See id.* (emphasis removed)).

3. The 45-day review period afforded the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency (Section 505(c)(3) of the Clean Water Act, 33 U.S.C. § 1365(c)(3)) expired October 20, 2025. The parties have received no further contact from the DOJ; therefore, pursuant to the above-described correspondence from the DOJ, the DOJ has no comments or objections to the proposed Consent Decree.

4. The criteria to be applied by a court when considering a consent decree are well established:

> The criteria to be applied when a district court decides whether to approve and enter a proposed consent decree, are whether the decree is "'fair, adequate, and reasonable, as well as consistent with the public interest.'" *United States v. County of Muskegon*, 298 F.3d 569, 580–81 (6th Cir. 2002) (quoting *United States v. Jones & Laughlin Steel Corp.*, 804 F.2d 348, 351 (6th Cir. 1986)). In *United States v. Akzo Coatings of America, Inc.*, 949 F.2d 1409, 1426 (6th Cir. 1991), we characterized "the standard of fairness, reasonableness and consistency with the statute" as "our court's general test for consent decrees."

*United States v. Lexington-Fayette Urban Cty. Gov't.*, 591 F.3d 484, 489 (6th Cir. 2010).

The parties respectfully submit that this standard is met in the present case. The City of Lebanon (the "City") has ceased all discharges of pollutants at the landfill site (the "Facility") and has, instead, connected its landfill discharge to the City's municipal Wastewater Treatment Plant ("WWTP") via construction of a new pump station and 1.5 miles of 4-inch force main municipal connection at the Facility. The City has invested almost two million dollars ($2,000,000) in the wastewater diversion project and with its completion, the Facility's leachate collection system now connects to the City's municipal collection system and pumps the Facility's leachate to the City's WWTP.

The City has closed and remediated the constructed wetland cells that were formerly used to treat the Facility's leachate before the leachate was re-routed to the City's WWTP.

The City achieved termination of NPDES Permit No. TN0078417.

The City will also pay Riverkeeper's attorney fees and costs.

5. The result of this work will greatly benefit the public. The Decree is fair, adequate, and reasonable in that it places no onerous burden on the City and requires it to meet its obligation to TDEC and the public to come into compliance with the Clean Water Act and its permit in a way which can be monitored by Riverkeeper and enforced. Public interest is satisfied if the federal statute is complied with. Riverkeeper contends, in this case, that compliance with the statute requires that the

City take all adequate steps to avoid overflows, and compliance with this Decree should achieve that purpose. Riverkeeper believes that the actions required of the City by this Decree provide the most effective and expeditious method of achieving compliance with the statute.

Accordingly, the parties respectfully request that the Court enter the Consent Decree.

Respectfully submitted,

/s/ Mark E. Martin
Mark E. Martin
(Admitted to this Court)
(Alabama Bar No. 9361-A41M)
P. O. Box 1486
Oneonta, AL 35121
(205) 516-9350
mmartin@markemartin.com

/s/ Caroline D. Spore
Caroline D. Spore (BPR #036214)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
P: 615.252.3806
cspore@bradley.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above **JOINT MOTION FOR ENTRY OF CONSENT DECREE AND STATEMENT IN SUPPORT** and all exhibits thereto, if any, have been served on the below-listed person(s), via the Court's CM/ECF electronic filing system, on the 28th day of October, 2025.

Mark E. Martin
P.O. Box 1486
Oneonta, AL 35121
Telephone: (205) 516-9350
mmartin@markemartin.com

Andrea Taylor McKellar (BPR #19618)
McKellar Law Group, PLLC
117 28th Avenue North
Nashville, TN 37203
Telephone: 615.866.9828
Facsimile: 615.866.1278
andie@mckellarlawgroup.com

Caroline D. Spore (BPR #036214)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
P: 615.252.3806
cspore@bradley.com

/s/ Mark E. Martin
Mark E. Martin