# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE RIVERKEEPER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:23-cv-01369 |
| | ) |
| CITY OF LEBANON, TENNESSEE, | ) |
| | ) |
| Defendant. | ) |

## CONSENT DECREE

Based upon the parties factual stipulations (Doc. No. 40-1 at 1-2) and Joint Motion for Entry of Consent Decree, (Doc. No. 42), the Court rules as follows:

1. This Court has jurisdiction pursuant to Section 505(a) of the Clear Water Act ("CWA"), 33 U.S.C. § 1365(a).

2. This Consent Decree shall inure to the benefit of, and be binding upon, the parties and their successors, assigns, officials, agents, representatives, officers, directors, and employees. Changes in the organizational form or status of a party shall have no effect on the binding nature of this Consent Decree or its applicability.

3. This Consent Decree, and any injunctive relief ordered within, applies solely to the City's discharge of wastewater subject to the Permit and/or to the acts, facts, and transactions described or alleged in Tennessee Riverkeeper's Notice of Intent and Complaint.

4. This Consent Decree is a full and complete settlement and release of any and all claims and demands of any kind, nature, or description whatsoever, and from any and all liabilities, damages, injuries, costs, attorneys' fees or expenses, actions or causes of action of any nature whatsoever, either at law or in equity, known or unknown, fixed or contingent, which

1

Tennessee Riverkeeper may have against the City and its respective affiliates, divisions, insurers, successors, assigns, and current and former employees, attorneys, officers, directors and agents arising from, or related to, the discharge of wastewater subject to the Permit and/or the acts, facts, or transactions described or alleged in Tennessee Riverkeeper's Notice of Intent and Complaint. Upon termination of this Consent Decree, these claims shall be released and dismissed with prejudice.

5. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Tennessee Riverkeeper in this case or of any fact or conclusion of law related to those allegations. Neither this Consent Decree nor any payment pursuant hereto shall constitute evidence or be construed as a finding, adjudication, or acknowledgement of any fact, law, or liability, nor shall it be construed as an admission of any violation of any law, rule, or regulation.

6. <u>Injunctive Relief.</u> The parties agree to the following injunctive relief in full and complete satisfaction of all the claims covered by this Consent Decree:

    a. The City has successfully completed construction of a new pump station and 1.5 miles of 4-inch force main municipal connection at the Facility. The City has invested almost two million dollars ($2,000,000) in the wastewater diversion project and with its completion, the Facility's leachate collection system now connects to the City's municipal collection system and pumps the Facility's leachate to the City's WWTP.

    b. The City achieved termination of NPDES Permit No. TN0078417.

    c. The City has closed and remediated the constructed wetland cells that were formerly used to treat the Facility's leachate before the leachate was re-routed to the City's WWTP.

d. The City will work with TDEC to amend the existing Consent Order dated March 5, 2024 to reflect the completion of the wastewater diversion project, the remediation of the constructed wetland cells, and the termination of the Permit.

7. <u>Attorneys' Fees and Costs.</u> Within thirty (30) calendar days of the entry of this Consent Decree, the City shall pay Tennessee Riverkeeper's attorney's fees and costs in the total amount of Thirty-three Thousand Six Hundred Fifty-seven and 00/100 Dollars ($33,657.00). This payment shall be in full and complete satisfaction of any claims Tennessee Riverkeeper may have under the CWA for all costs of litigation, including investigative, expert and attorneys' fees and costs incurred by Tennessee Riverkeeper that have or could have been claimed now or in the future in connection with Tennessee Riverkeeper's claims, up to and including the entry of this Consent Decree. Such payments shall be made by check payable to "Tennessee Riverkeeper and Mark E. Martin" and mailed to its attorney, Mark E. Martin, at the address in Paragraph 13, below. The payment of the above-stated amount as part of the compromise and settlement is meant to be a total amount of investigative, expert, and attorney's fees and costs incurred in this matter.

8. <u>Retention of Jurisdiction/Dispute Resolution.</u> This Court retains jurisdiction over this matter and, while this Consent Decree remains in force, this case may be reopened without a filing fee so that the parties may apply to the Court for any further order or relief that may be necessary regarding compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree until it is terminated. A precondition to any application to the Court under this paragraph is that the parties must first seek to resolve the dispute themselves as follows: (1) the party identifying or wishing to raise an issue or dispute must provide the other party a written notice detailing the nature of the issue or dispute; and (2) within

thirty (30) calendar days of receipt of such notice, the parties shall meet and confer regarding the issue or dispute. If no resolution is reached at that meeting or within thirty (30) calendar days of the written notice, whichever occurs first, either party may file a motion with this Court to resolve the dispute. In any action to enforce this Consent Decree, the Court shall apply the same standard applied by courts in awarding fees and costs under section 505(d) of the CWA, 33 U.S.C. 1365(d), but the parties otherwise reserve all rights and arguments concerning the right to and the allocation of attorneys' fees and costs in connection with the resolution of any such dispute.

9. <u>Termination.</u> The obligations set forth in this Consent Decree shall terminate upon the completion of its terms and the closure of the TDEC Consent Order.

10. During the effective period of this Consent Decree, Tennessee Riverkeeper shall not support other lawsuits, by providing financial assistance, personnel time or other affirmative actions, against or relating to the Facility that may be proposed by other groups or individuals who would rely upon the citizen suit provision of the CWA to challenge the City's compliance with the Permit or any successor thereto.

11. Tennessee Riverkeeper and any consultants retained by Tennessee Riverkeeper shall not enter the Facility or take samples therefrom without first providing notice to the City and obtaining the City's prior written consent.

12. <u>Notices.</u> All notices and other communications regarding this Consent Decree shall be in writing and shall be fully given by mailing via first-class mail, postage pre-paid; by delivering the same by hand; or by sending the same via e-mail to the following addresses, or to such other addresses as the parties may designate by written notice, provided that communications that are mailed shall not be deemed to have been given until three (3) business days after mailing:

| For Tennessee Riverkeeper | For the City of Lebanon |
|---|---|
| Mark E. Martin<br>P.O. Box 1486<br>Oneonta, AL 35121<br>mmartin@marketmartin.com | Andy Wright<br>City Attorney, City of Lebanon, Tennessee<br>200 N Castle Heights Ave<br>Lebanon, TN 37087<br>awright@lebanontn.org<br><br>Caroline D. Spore<br>Bradley Arant Boult Cummings LLP<br>1221 Broadway, Suite 2400<br>Nashville, TN 37203<br>cspore@bradley.com |

13. This Consent Decree constitutes the entire agreement between the parties. There are no other or further agreements, either written or verbal. This agreement may not be modified or amended except by a writing signed by both parties and entered by the Court.

14. Each party acknowledges that it has sought and obtained the advice of its own independent legal counsel before executing this Consent Decree. The parties acknowledge that they have had the opportunity to freely negotiate the terms of this Consent Decree.

15. If any term, covenant, or condition of this Consent Decree is held to be invalid or unenforceable in any respect, such invalidity or unenforceability shall not affect any other provision included in this Consent Decree.

16. Each party shall, at the request of the other, execute, acknowledge, and deliver whatever additional documents, and do such other acts, as may be reasonably required in order to accomplish and/or carry out the intent, spirit, and purposes of this Consent Decree.

17. The parties represent that, pursuant to 33 U.S.C. § 1365(c)(3), the proposed consent judgment has been served on the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("U.S. EPA"), and after 45 days neither has made any comments or objections to the consent judgment. (Doc. No. 42-1 and 42-2).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE